IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT WAYNE CRUZ, | § | |
| TDCJ-CID No. 1654562, | § | |
| Petitioner, | § | |
| v. | § | CIV. ACTION NO. 1:13cv79 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent.[1] | § | |

## RESPONDENT'S ANSWER WITH BRIEF IN SUPPORT

Petitioner Robert Wayne Cruz challenges a conviction for aggravated sexual assault through a petition for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254 (West 2012).   The petition should be denied because Cruz's claims are meritless and cannot overcome the AEDPA standard of review, as explained below.

## JURISDICTION

Cruz seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over the subject matter and the parties.

## PETITIONER'S ALLEGATIONS

The Director understands Cruz to allege that:

1.   There was a material variance between the indictment and the evidence in trial because the indictment only alleged vaginal penetration while the evidence showed anal penetration;

---

[1] Respondent will be referred to hereinafter as "the Director."

1

2.     He received ineffective assistance of counsel at trial because his attorney
       failed to object to the admissibility of evidence of anal penetration;

3.     The state failed to disclose exculpatory evidence as required under *Brady v.
       Maryland*; and

4.     There was insufficient evidence to support the verdict.

Petition at 6-7; Pet. Brief,[2] generally.

## GENERAL DENIAL

The Director denies all of Petitioner's assertions of fact except those

supported by the record or specifically admitted herein.   In addition, the Director

opposes any future, substantive motions filed by Petitioner—including, without

limitation, a motion to amend and/or supplement his petition, and a motion for an

evidentiary hearing—and will respond to any such motions only upon order of the

Court.

## STATEMENT OF THE CASE

### I.     Procedural History

The Director has lawful custody of Cruz pursuant to a judgment and sentence

of the 260th District Court of Orange County, Texas, in case number D080048-R,

styled *The State of Texas v. Robert Wayne Cruz*.   SHCR-02[3] at 59 (judgment and

---

[2] "Pet. Brief" refers to the pages of briefing Cruz attached to his petition.  When citing to
this briefing the Director will use the page numbers assigned by the Court as shown on its
PACER system.

[3] "SHCR" refers to the Clerk's Record of pleadings and documents filed with the court
during Petitioner's state habeas corpus proceedings followed by the applicable writ
number (e.g. -01).  *See generally, Ex parte Vanderbilt*, Application No. 77,051.  Because

sentence for aggravated sexual assault).  In that case, Cruz pled not guilty before a jury but, on June 30, 2010, the jury found him guilty and sentenced him to 20 years of confinement.  *Id.*

Cruz appealed, but his conviction was affirmed.  *Cruz v. State*, No. 14–10–00686–CR, 2011 WL 2120117 (Tex. App. – Houston[14th Dist.] 2011, pet. ref'd). His subsequent petition for discretionary review was refused.  *Cruz v. State*, PDR No. 1048-11.   Cruz also filed two state applications for writ of habeas corpus, but the first was dismissed because his direct appeal was still pending, and the other was denied without written order on findings of the trial court without a hearing. SHCR-01 at cover; SHCR-02 at cover ("EventID: 2499352").   He then filed the instant action on February 1, 2013.  Petition at 9.

## II.   Statement of Facts

The Houston Court of Appeals summarized the facts of this case as follows:

Appellant and M.B. had been in a relationship and had a seven-year-old daughter together. M.B. and her daughter lived together in a one-bedroom home, and appellant was visiting one night in October 2008. Around midnight, with their daughter in the next room, appellant initiated a twelve-hour session of violent sexual abuse. He began punching M.B. and pulling her hair. He ripped off her clothes and repeatedly jabbed his thumb in her anus. He attempted to have anal sex with M.B., and when that did not work, he repeatedly put his penis inside her vagina and mouth. M.B. told him that she did not want to have sex; she told him to stop and said, "No." During the assault, appellant also strangled and bit M.B. When M.B. told appellant that

---

Cruz's second state habeas application is broken into several packets, "SHCR-02" will refer to the packet labeled "EventID No: 2486542" unless otherwise designated.

she was pregnant, appellant punched her repeatedly in the stomach and said he would kill the baby.

The following afternoon, M.B. escaped and was brought to a hospital. Her medical records and a number of pictures of her injuries were admitted at trial. A nurse who conducted a physical examination of M.B. also testified, explaining that there was a tear in M.B.'s anus but no injury to her vagina.

After sentencing, appellant filed a motion for new trial but did not allege ineffective assistance of counsel. The trial court did not hold a hearing, and the motion was denied by operation of law. This appeal followed

*Cruz*, at *1 (citations omitted).

## RECORDS

Copies of Petitioner's state records were sent to the Court on April 11, 2013. A copy of the records will not be forwarded to Petitioner. *See Sixta v. Thaler*, 615 F.3d 569, 570 (5th Cir. 2010).

## EXHAUSTION OF STATE REMEDIES AND STATUTE OF LIMITATIONS

The Director recognizes that Cruz has sufficiently exhausted his state court remedies and does not dispute that Cruz filed this petition in a timely manner in accordance with the AEDPA.  SHCR-02 at 9-18.  Additionally, the Director reserves the right to raise exhaustion should Cruz contend that he raised more than the issues listed above or amend his petition with additional complaints, other than those stated herein.

## ANSWER

### I.    Standard of Review

Under 28 U.S.C. § 2254(d), a federal court may not issue a writ of habeas corpus for a defendant convicted under a state judgment unless the adjudication of the relevant constitutional claim by the state court, (1) "'was contrary to' federal law then clearly established in the holdings of" the Supreme Court; or (2) "'involved an unreasonable application of'" clearly established Supreme Court precedent; or (3) "'was based on an unreasonable determination of the facts' in light of the record before the state court." *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (quoting *(Terry) Williams v. Cruz*, 529 U.S. 362, 412 (2000)); 28 U.S.C. § 2254(d).  The Supreme Court has explained that a state court decision is "contrary" to established federal law if the state court "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent, yet reaches an opposite result. *Williams*, 529 U.S. at 405–06.

A "run-of-the-mill" state court decision applying the correct Supreme Court rule to the facts of a particular case is to be reviewed under the "unreasonable application" clause.  *Williams*, 529 U.S. at 406.  To this end, a state court unreasonably applies Supreme Court precedent only if it correctly identifies the governing precedent but unreasonably applies it to the facts of a particular case. *Id.* at 407–09.  And as the Supreme Court recently described this deferential

standard, in order to determine if the state court made an unreasonable application, a federal court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Richter*, 131 S. Ct. at 786 (emphasis added). Indeed, this is the "only question that matters under § 2254(d)(1)." *Id.*

Thus, "a state court's determination that a claim lacks merit precludes federal habeas relief so Cruz as 'fairminded jurists could disagree'" on the correctness of the state court's decision. *Richter*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) (federal habeas relief is only merited where the state-court decision is both incorrect and objectively unreasonable, "whether or not [this Court] would reach the same conclusion"). Moreover, "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Alvarado*, 541 U.S. at 664. This is particularly true when reviewing a state court's application of *Strickland v. Washington*, 466 U.S. 668 (1984), which when analyzed in conjunction with § 2254(d), creates a difficult to surmount, "doubly" deferential assumption in favor of the state court denial. *Richter*, 131 S. Ct. at 786.

6

"It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 131 S. Ct. at 786.

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA,[4] § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  It preserves authority to issue the writ in cases where there is *no possibility fairminded jurists could disagree* that the state court's decision conflicts with this Court's precedents. It goes no farther.  Section 2254(d) reflects the view that habeas corpus is a "guard against *extreme malfunctions* in the state criminal justice systems," *not a substitute for ordinary error correction through appeal.*

*Id.* (emphasis added) (internal citations omitted).

Moreover, it is the state court's "ultimate decision" that is to be tested for unreasonableness, and not every jot of its reasoning.  *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc); *see also Catalan v. Cockrell*, 315 F.3d 491, 493  (5th Cir.  2002) (". . . we review only the state court's decision, not its reasoning or written opinion . . . .").  Indeed, state courts are presumed to "know and follow the law."  *Visciotti*, 537 U.S. at 24.  And, even where the state court fails to cite to applicable Supreme Court precedent or is unaware of such precedent, the AEDPA's deferential standard of review nevertheless applies "so Cruz as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]." *Early v. Packer*, 537 U.S. 3, 8 (2002); *Richter*, 131 S. Ct. at 786.

If the Supreme Court has not "broken sufficient legal ground to establish [a] . . . constitutional principle, the lower federal courts cannot themselves establish

---

[4] "AEDPA" refers to the Antiterrorism and Effective Death Penalty Act of 1996.

such a principle with clarity sufficient to satisfy the AEDPA bar" under either the contrary to or unreasonable application standard.    *Williams*, 529 U.S. at 381. Stated differently:

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 131 S. Ct. at 786–87 (emphasis added).  And a federal court must be wary of circumstances in which it must "extend a [legal] rationale" of the Supreme Court "before it can apply to the facts at hand . . ." because such a process suggests the proposed rule is not clearly established.  *Alvarado*, 541 U.S. at 666.

The AEDPA also provides that the state court's factual findings "shall be presumed to be correct" unless the petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."  *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

Finally, where a habeas petitioner has failed to fully develop the factual bases of his claims in state court, he is precluded from further factual development in federal court unless (1) his claims rely on a new rule of constitutional law or a factual predicate previously undiscoverable through the exercise of due diligence;

8

and (2) he establishes by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty. 28 U.S.C. § 2254(e)(2). A failure to meet this standard of "diligence" will bar a federal evidentiary hearing in the absence of a convincing claim of actual innocence that can only be established by newly discovered evidence. *(Michael) Williams v. Cruz*, 529 U.S. 420, 436 (2000). Even if the petitioner can meet the foregoing standard, it is within this Court's discretion to deny a hearing if sufficient facts exist to make an informed decision on the merits. *Clark v. Johnson*, 227 F.3d 273, 284-85 (5th Cir. 2000).

## II.   This Court Should Uphold the State Court's Denial of Cruz's Claim of Material Variance in the Indictment  Because It Is Foreclosed from Federal Habeas Review.

In his first ground for relief, Cruz claims that there was a material variance between the indictment and the evidence in trial because the indictment only alleged vaginal penetration while the evidence showed anal penetration. Petition at 6; Pet. Brief at 7-9. However, this claim should be dismissed because his claim is foreclosed from federal habeas relief.

An indictment is "fatally defective" for habeas corpus purposes only if no circumstances could exist under which a valid conviction could result from facts provable under the indictment. *Morlett v. Lynaugh,* 851 F.2d 1521, 1523 (5th Cir. 1988). Furthermore, if the question of the sufficiency of the indictment is presented to the highest state court of appeals, then consideration of the question is foreclosed

in federal habeas corpus proceedings. *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994). By denying a petitioner's application for writ of habeas corpus, the Texas Court of Criminal Appeals necessarily, though not expressly, found that the indictment was sufficient. *Alexander v. McCotter*, 775 F.2d 595, 598 (1985); *Tijerina v. Estelle*, 692 F.2d 3, 6 (5th Cir. 1982).

Because Cruz's claim is foreclosed from federal habeas review, it must be dismissed. Moreover, Cruz cannot show the state habeas court's denial of his claim was an unreasonable or contrary application of clearly established federal law.

## III. This Court Should Uphold the State Court's Denial of Cruz's Claim of Ineffective Assistance of Counsel.

Cruz claims that he was deprived of effective assistance of counsel because his trial counsel, Joy Dubose-Simonton, failed to object to evidence of anal penetration since the indictment only alleged vaginal penetration. Petition at 6; Pet. Brief at 10. However, this claim fails scrutiny under *Strickland*, as explained below.

The familiar two-prong standard by which a claim of ineffective assistance of counsel is weighed is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to establish that counsel's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *Strickland*, at 687-88. In so doing, a convicted defendant must overcome a strong presumption that the conduct of his

10

trial counsel fell within a wide range of reasonable professional assistance, and every effort must be made to eliminate the "distorting effect of hindsight." *Strickland*, 466 U.S. at 689.

Next, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Strickland*, 466 U.S. at 692. In order to establish that he has sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* A mere allegation of prejudice is not sufficient to satisfy the prejudice prong of *Strickland*; rather, the petitioner must "affirmatively prove" prejudice. *Id.* at 693.

Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice makes it unnecessary to examine the other prong. *Strickland*, 466 U.S. at 697.

In the instant case, Cruz alleges Dubose-Simonton failed to object to evidence of anal penetration, but does not bother specifying what grounds she should based her objections on. Petition at 6; Pet Brief at 10. As such, this claim should be deemed waived or abandoned. *Woods v. Cockrell*, 307 F.3d 353, 357 (5th Cir. 2002) (a statement of a legal conclusion, without a serious attempt to argue or substantiate the issue, is a waiver or abandonment of the issue).

Regardless, even if Dubose-Simonton tried to object to evidence of anal penetration, there is no reason to believe such an objection would have been sustained.  A successful relevancy objection seems highly unlikely as evidence of anal penetration made it more probable that the victim was vaginally raped intentionally and without consent.  *See* Tex. R. Evid. 402; *see also Walker v. State*, 2009 WL 5103274 (Tex. App. – Dallas 2009) (evidence of anal rape admissible when allegations were of oral and vaginal penetration).  Similarly, objecting on the basis of anal penetration being an extraneous offense (*See* Tex. R. Evid. 404(b)) would have been frivolous as the anal penetration was admissible as same-transaction contextual evidence.  *See Prible v. State*, 175 S.W.3d 724, 731-32 (Tex. Crim. App. 2005) ("[E]xtraneous-offense evidence may also be admissible as same-transaction contextual evidence, where "several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction.").  Since this evidence was admissible, Dubose-Simonton did not act deficiently or prejudicially for failing to object to it.

In sum, this claim is waived by Cruz's lack of argument and is meritless, regardless.  Moreover, since the state habeas court rejected this claim on its merits, this Court cannot grant habeas relief unless it determines the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  28 U.S.C. §

2254(d).  Cruz does not even try to satisfy this standard.  This claim must be denied.

## IV.   This Court Should Uphold the State Court's Denial of Cruz's Claims of Prosecutorial Error.

Cruz complains that the prosecution violated his due process rights by failing to disclose exculpatory evidence in the form of evidence that the victim had sex with someone else within 48 hours of the assault and vaginal and anal swabs and smears collected after the assault.  Petition at 7; Pet. Brief at 12-15.  This claim is meritless as explained below.

The Supreme Court in *Brady v. Maryland*, 373 U.S. 83 (1963), has held that the suppression by the prosecution of evidence favorable to an accused after a request violates due process where the evidence is material either to guilt or punishment, irrespective of the good or bad faith of the prosecution.  To establish a *Brady* violation, Cruz must prove that (1) the prosecutor suppressed or withheld evidence (2) which was favorable and (3) material to the defense.  *Id.* at 87; *Allridge v. Scott*, 41 F.3d 213, 217 (5th Cir. 1994).

In the instant case, the record shows that the evidence in question was disclosed and, regardless, it was not favorable.  Cruz's attorney averred that she was aware that the victim had sex with another man, but they used a condom and Cruz acknowledged having sex with the victim without a condom.  SHCR-02 at 8 ("EventID: 2497967").  She further had access to the SANE ("Sexual Assault Nurse

Examiner) report and medical records, as well as DNA evidence collected during the SANE investigation.  *Id.* at 8-9.  She decided not to have the DNA tested because she and Cruz agreed that the DNA test would not have been in his best interest, as he acknowledged having sex with the victim within a day of the assault. *Id.*  As such, the evidence in question was never withheld and Cruz fails to establish that the evidence was exculpatory.

Since Cruz cannot show the prosecution withheld favorable and material evidence, this claim is meritless.  Moreover, since the state habeas court rejected this claim on its merits, this Court cannot grant habeas relief unless it determines the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d).  Cruz does not even try to satisfy this standard. This claim must be denied.

## V.   The State Court's Decision to Deny Cruz's Claim of Insufficient Evidence Must Be Upheld.

Cruz alleges that the evidence was insufficient to establish the use of a deadly weapon in his convictions.  Petition at 7; Pet. Brief at 16.  This claim fails because it is meritless as explained below.

In determining an insufficiency claim, a federal habeas court must consider whether, viewing the evidence "in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary to establish

14

the essential elements of the offense beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Dupuy v. Cain,* 201 F.3d 582, 589 (5th Cir. 2000).  This inquiry must be conducted with "explicit reference to the substantive elements of the criminal offense as defined by state law," *Jackson*, 443 U.S. at 324 n.16; *Dupuy, supra.*, and all credibility choices and conflicting inferences are to be resolved in favor of the verdict. *United States v. Cyprian,* 197 F.3d 736, 740 (5th Cir. 1999); *United States v. Nguyen,* 28 F.3d 477, 480 (5th Cir. 1994); *see Alexander v. McCotter,* 775 F.2d 595, 598 (5th Cir. 1989) ("we should not substitute our view of the evidence for that of the fact-finder"); *Cobb v. Wainwright,* 666 F.2d 966, 971 (5th Cir. 1982) ("the jury has the sole responsibility to judge the weight and credibility of the evidence").

Here, on direct appeal, the court of appeals found the evidence sufficient to support the deadly weapon finding.   *Cruz*, at *1.  In response to his insufficient evidence claim, the state appellate court explained as follows:

> Among the other statutory requirements of aggravated sexual assault, the indictment in this case contained an allegation that appellant penetrated M.B.'s female sexual organ with his penis. In his second issue on appeal, appellant argues there was so little evidence on this element that no rational jury could find appellant guilty beyond a reasonable doubt. We disagree.

> When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the conviction and determine, based on that evidence and any reasonable inferences from it, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Isassi v. State,* 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim.

App. 2007); *see also Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The jury is the exclusive judge of the credibility of witnesses and the weight to be given their testimony. *See Isassi,* 330 S.W.3d at 638. Further, we defer to the jury's responsibility to fairly resolve or reconcile conflicts in the evidence, and we draw all reasonable inferences from the evidence in favor of the verdict. *Id.*

At trial, M.B. answered in the affirmative to the following question: "Did he insert his penis inside your female sexual organ?" Further, a statement contained in M.B.'s medical records admitted into evidence includes M.B.'s assertion that "he stuck his penis in my vagina." Although appellant testified that he did not have sex with M.B., and a nurse who conducted M.B.'s medical exam testified that M.B.'s vagina was not injured, the jury was free to resolve conflicts in the evidence. From M.B.'s testimony and statement, a rational jury could conclude beyond a reasonable doubt that appellant penetrated her sexual organ with his penis. *See, e.g., Garcia v. State,* 563 S.W.2d 925, 928 (Tex. Crim. App. 1978) ("[The victim's] testimony, standing alone, is sufficient evidence of penetration."); *Tinker v. State,* 148 S.W.3d 666, 669 (Tex. pp.-Houston [14th Dist.] 2004, no pet.)("[T]he complainant's testimony alone is sufficient to support the jury's finding that sexual contact or penetration did in fact occur."); *Sandoval v. State,* 52 S.W.3d 851, 854 n. 1 (Tex. pp.-Houston [1st Dist.] 2001, pet. ref 'd) (noting that the uncorroborated testimony of a sexual assault victim is alone sufficient to support a conviction).

Accordingly, appellant's second issue is overruled.

*Id.*  The Director agrees with the above analysis and adopts its reasoning as his own.

Furthermore, it was within the sole province of the jury as the finder of fact to assess the credibility of the witnesses and to choose among reasonable constructions of the evidence. *See United States v. Green*, 180 F.3d 216, 220 (5th Cir. 1999); *United States v. Monroe*, 178 F.3d 304, 307 (5th Cir. 1999); *United*

*States v. Zuniga*, 18 F.3d 1254, 1260 (5th Cir. 1994). "It is the jury's 'unique role' to judge the credibility and evaluate the demeanor of witnesses and to decide how much weight should be given to their testimony." *United States v. Layne*, 43 F.3d 127, 130 (5th Cir. 1995) (citing *United States v. Higdon*, 832 F.2d 312 (5th Cir. 1987)); *accord United States v. Millsaps*, 157 F.3d 989, 994 (5th Cir. 1998). A jury is not to be second-guessed by a reviewing court in its choice of which witnesses to believe. *See United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir. 1995); *Zuniga*, 18 F.3d at 1260 (citing *United States v. Jones*, 839 F.2d 1041, 1047 (5th Cir. 1998)).

In this case, the jury was the fact-finder and it weighed the credibility of the witnesses and resolved any conflict in the evidence against Cruz. *See United States v. Jennings*, 726 F.2d at 190; *see also United States v. Landerman*, 109 F.3d 1053, 1067-68 (5th Cir. 1997). Although the court may have been presented with conflicting evidence, the reconciliation of conflicts in the evidence is within the exclusive province of the finder of fact. *See Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986); *Allen v. State*, 899 S.W.2d 296, 300 (Tex. App.-Houston [14th Dist.] 1995, pet. granted on other grounds) (holding circumstantial evidence sufficient even though victim could not identify defendant in lineup or in court). On federal habeas review, "[a] federal court may not substitute its own judgment regarding the credibility of witnesses for that of the state courts." *Marler v. Blackburn*, 777 F.2d 1007, 1012 (5th Cir. 1985); *accord Maggio v. Fulford*, 462 U.S. at 113; *Scott v. Louisiana*, 934 F.2d 631, 634 (5th Cir. 1991); *Dunn v. Maggio*, 712

F.2d 998, 1001 (5th Cir. 1983). Moreover, "[t]he habeas corpus statute obliges federal judges to respect credibility determinations made by the trier of fact." *Pemberton v. Collins*, 991 F.2d 1218, 1225 (5th Cir. 1993) (citing *Sumner v. Mata*, 455 U.S. 591, 597 (1982)).

Thus, giving due deference to "the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts," the evidence presented at Cruz's trial was enough to support his conviction. *Jackson*, 443 U.S. at 319. The instant claim of insufficient evidence is nothing more than an improper attempt by Cruz to have this Court second-guess the jury's credibility choices, implicit factual findings, and resolution of conflicts in evidence. Furthermore, the appellate court's conclusion that the evidence was sufficient to support the conviction is entitled to deference by this Court and did not result in a decision that was contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Sumner*, 455 U.S. at 597 (holding that state appellate courts' findings are entitled to the same respect that trial judges' findings receive). As such, this claim must be denied on its merits.

## VI. Cruz Fails to Meet His Burden Under the AEDPA.

Finally, the Director emphasizes that Cruz's allegations fail to meet the burden of proof imposed by the AEDPA, and therefore do not merit federal habeas relief.

18

This Court must defer to the state court determinations and deny habeas relief.  The state appellate court rejected Cruz's insufficient evidence claim and the Court of Criminal Appeals refused his petition for discretionary review.  *Cruz v. State*, PDR No. 1048-11.  Then the Court of Criminal Appeals denied Cruz's application for habeas corpus without written order on findings of the trial court.  SHCR-02 at cover; SHCR-02 at 12-14 ("EventID: 2497967") (trial court findings of fact and conclusions of law).[5]  Hence, Cruz's claims were adjudicated on their merits.  *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *see Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits.").

There has been no showing that the state court resolution of Cruz's allegations resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States or result in a decision that was based on an

---

[5] That the state court did not make explicit findings on every issue does not mean the court "merely arrived at a legal conclusion" unworthy of the presumption of correctness. Both implied and explicit fact-findings fall within the ambit of § 2254(d). *Cantu v. Collins*, 967 F.2d 1006, 1015 (5th Cir. 1992) (citing *Marshall v. Lonberger*, 459 U.S. 422, 433-34 (1983) (applying presumption of correctness to implicit finding against the defendant's credibility, where that finding was necessarily part of the court's rejection of the defendant's claim)); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) (presumption of correctness applies to both explicit and implicit findings necessary to support a state court's conclusions of mixed law and fact).

unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d) (West 2012).  Therefore, Cruz is not entitled to relief under the AEDPA.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests the Court deny Cruz's petition and deny a certificate of appealability.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DON CLEMMER
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

 /s/ Nathan Tadema
NATHAN TADEMA*
*Lead Counsel        Assistant Attorney General
State Bar No. 24044285


P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 936-1400
(512) 936-1280 (FAX)
Email: Nathan.Tadema@oag.state.tx.us

ATTORNEYS FOR RESPONDENT

20

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing Respondent's pleading has been served by placing the same in the United States Mail, postage prepaid, on this the 3rd day of May, 2013, addressed to:

Robert Wayne Cruz
TDCJ-CID # 1654562
Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

/s/ Nathan Tadema
NATHAN TADEMA
Assistant Attorney General