IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

ROBERT WAYNE CRUZ            §

VS.                         §       CIVIL ACTION NO. 1:13cv79

DIRECTOR, TDCJ-CID          §

## MEMORANDUM OPINION

Petitioner Robert Wayne Cruz, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### Factual Background

In 2010, following a jury trial, petitioner was convicted of aggravated sexual assault in the 260th District Court of Orange County, Texas. *The State of Texas v. Robert Wayne Cruz*, case no. DO80048-R. He was sentenced to 20 years imprisonment. The conviction was affirmed by the Texas Court of Appeals for the Fourteenth District. *Cruz v. State*, No. 14-10-00686-CR. The Texas Court of Criminal Appeals refused a petition for discretionary review. *Cruz v. State*, PDR No. 1048-11.

Petitioner previously filed two state applications for writ of habeas corpus. The Court of Criminal Appeals dismissed the first application because petitioner's direct appeal was still pending. The Court of Criminal Appeals denied the second application without written order on the findings of the trial court without a hearing.

## Grounds for Review

Petitioner asserts the following grounds for review: (1) there was a material variance between the indictment and the evidence at trial; (2) there was insufficient evidence to support the verdict; (3) the prosecution failed to disclose exculpatory evidence and (4) petitioner received ineffective assistance of counsel.

## Evidendce at Trial

The intermediate appellate court summarized the evidence at trial as follows:

> Appellant and M.B. had been in a relationship and had a seven-year-old daughter together. M.B. and her daughter lived together in a one-bedroom home, and appellant was visiting one night in October 2008. Around midnight, with their daughter in the next room, appellant initiated a twelve-hour session of violent sexual abuse. He began punching M.B. and pulling her hair. He ripped off her clothes and repeatedly jabbed his thumb in her anus. He attempted to have anal sex with M.B., and when that did not work, he repeatedly put his penis inside her vagina and mouth. M.B. told him that she did not want to have sex; she told him to stop and said, "No." During the assault, appellant also strangled and bit M.B. When M.B. told appellant that she was pregnant, appellant punched her repeatedly in the stomach and said he would kill the baby.

> The following afternoon, M.B. escaped and was brought to a hospital. Her medical records and a number of pictures of her injuries were admitted at trial. A nurse who conducted a physical examination of M.B. also testified, explaining that there was a tear in M.B.'s anus but no injury to her vagina.

## Standard of Review

Title 28 U.S.C. § 2254 authorizes a district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the

prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id.* In addition, this court must accept as correct any factual determination made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e).

<u>Analysis</u>

*Material Variance*

Petitioner states that the indictment alleged he penetrated the victim's female sexual organ with his penis. He states the evidence at trial showed only penetration of the anus. Accordingly, petitioner states there was a material variance

3

between the evidence at trial and the allegation in the indictment.

Under Texas law, an indictment must allege all the facts and circumstances necessary to establish all material elements of the offense charged in plain and intelligible language. *Garcia v. State*, 981 S.W.2d 683, 685 (Tex.Crim.App. 1998). To be valid, an indictment must allege on its face facts necessary to (a) show an offense was committed, (b) bar a subsequent prosecution for the same offense and (3) give a defendant notice of precisely what offense he is charged with committing. *Terry v. State*, 471 S.W.2d 848, 852 (Tex.Crim.App. 1971). An indictment which tracks the statutory language is normally considered sufficient. The prosecution is not required to allege facts that are merely evidentiary in nature. *State v. Mays*, 967 S.W.2d 404, 406 (Tex.Crim.App. 1998).

A variance between the wording of an indictment and the evidence presented at trial is fatal only if "it is material and prejudices ... [the defendant's] substantial rights." *United States v. Mikolojczyk*, 137 F.2d 237, 243 (5th Cir. 1998). When reviewing an alleged variance, a court must determine whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial. *United States v. Massey*, 827 F.2d 995, 1003 (5th Cir. 1987).

Petitioner's indictment alleged facts necessary both to show an offense was committed and to bar a subsequent prosecution for the same offense. The indictment, which accused petitioner of

penetrating the female sexual organ of victim with his penis, also gave petitioner notice of the precise offense he was accused of committing and permitted him to prepare an adequate defense. While evidence was also introduced of anal penetration, petitioner was charged with vaginal penetration and evidence was introduced demonstrating vaginal penetration. As a result, the indictment provided petitioner sufficient notice of the charge against him.

*Insufficient Evidence*

Petitioner asserts there was insufficient evidence to support the conviction because the evidence did not show he penetrated M.B.'s sexual organ with his penis.

In determining whether there was sufficient evidence to support a conviction, a court must decide whether, when viewing all of the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 308-19 (1979). In conducting such review, a federal habeas court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the verdict. *See Weeks v. Scott*, 55 F.3d 1050, 1061 (5th Cir. 1995). Where, as here, a state appellate court has reviewed the sufficiency of the evidence to support the conviction, the state court's determination is entitled to great weight in federal habeas review. *Porretto v. Stalder*, 834 F.2d 461, 467 (5th Cir. 1987).

Petitioner asserted this ground for review on direct appeal. In considering this ground for review, the intermediate appellate court stated as follows:

> At trial, M.B. answered in the affirmative to the fol-
> lowing question: "Did he insert his penis inside your
> female sexual organ?" Further, a statement contained
> in M.B.'s medical records admitted into evidence includes
> M.B.'s assertion that "he stuck his penis in my vagina."
> Although appellant testified that he did not have sex
> with M.B., and a nurse who conducted M.B.'s medical exam-
> ination testified that M.B.'s vagina was not injured
> the jury was free to resolve conflicts in the evidence.
> From M.B.'s testimony and the statement, a rational jury
> could conclude beyond a reasonable doubt that appellant
> penetrated her sexual organ with his penis. *See, e.g.,*
> *Garcia v. State*, 563 S.W.2d 925, 928 (Tex.Crim.App. 1978)
> ("[The victim's] testimony, standing alone, is sufficient
> evidence of penetration."); *Tinker v. State*, 148 S.W.3d
> 666, 669 (Tex.App.-Houston [14th Dist.] 2004,no pet.)
> ("[T]he complainant's testimony alone is sufficient to
> support the jury's finding that sexual contact or pene-
> tration did in fact ccur."); *Sandoval v. State*, 52 S.W.
> 3d 851, 854 n. 1 (Tex.App.-Houston [1st Dist.] 2001, pet.
> ref'd) (noting that the uncorroborated testimony of a
> sexual assault victim is alone sufficient to support a
> conviction).

The victim's testimony and prior statement were sufficient to permit a rational finder of fact to conclude beyond a reasonable doubt that petitioner penetrated the victim's sexual organ. As a result, the state court's resolution of this matter was not contrary to, and did not involve an unreasonable application of, clearly established federal law.

*Failure to Disclose Exculpatory Evidence*

Petitioner asserts the prosecution failed to provide him with exculpatory evidence. He states the prosecution failed to disclose evidence that the victim had sex with someone else within 48 hours of the assault and failed to disclose vaginal and anal swabs and

vaginal and anal smears.

In connection with petitioner's second state application for writ of habeas corpus, petitioner's trial counsel submitted an affidavit. Counsel stated she had reviewed the victim's medical records and was aware that the victim had sex with another man 2-3 days before the assault. With respect to the swabs and smears, counsel stated she was aware that additional DNA evidence had been obtained. She stated she had discussed the matter with petitioner and that he had agreed it would not be in his best interest to have the DNA examined.[1] Counsel thought the DNA would have likely been a match to petitioner, which would have only helped the prosecution's case.

The prosecutor also submitted an affidavit which stated, in part, as follows:

> The state was aware of the evidence collected during the sexual assault examination.
>
> That information was shared with defense counsel. When the trial was first set for trial, on April 14, the original defense attorney ... requested a motion for continuance so that DNA analysis could be performed. That motion was granted.
>
> The DNA results returned in May, 2009. It was discovered that the DNA of the defendant had not been obtained, so I got the detective to get a buccal swab from defendant for comparison analysis.
>
> The buccal swab was sent off to the Crime Lab and in November, 2009, the results showed that some of the evidence, including a sperm cell fraction from the bed sheet of the victim, returned to a scientific certainty to defendant.

---

[1] Counsel stated that the medical records indicated that the other man with whom the victim had sex had worn a condom.

The results showed that several other items, including
epithelial cells and the cigarette butt, were consistent
with a mixture of the victim and the defendant, but not to
a scientific certainty. Defendant could not be excluded
as a contributor from any of the evidence.

The defendant admitted that he had sex with the victim one
or two days before the alleged incident. The only
question was whether he had sex with her on the night
of the incident. He did not request further analysis
and comparison with DNA from the vaginal and anal swabs
and smears. Additional testing would have resulted in a
further delay in trial. Defendant was in jail at the time
of the trial, and wanted to go forward with the trial.

Since the order from the Court of Criminal Appeals [in
2012], I have contacted the Jefferson County Crime Lab,
and requested that the vaginal and anal swabs and smears
be sent to the DPS Crime lab and further analyzed
for comparison to defendant's DNA. I anticipate that
obtaining those results from the lab may take an additional
6 months or more.

In connection with petitioner's state application for writ of

habeas corpus, the trial court made the following findings of fact

and conclusions of law:

According to the affidavit of trial counsel, she reviewed
the SANE report and the other medical reports. She had
full knowledge that the complainant had sex with another
man 2-3 days prior to the assault. Applicant discussed
this with trial counsel and said this was the reason for
the physical assault.

The vaginal swabs, vaginal smear, and anal swabs were not
sent by the police to the crime lab for DNA testing.

Certain items were forwarded to the crime lab and were
tested. A report from the crime lab was provided by the
state to trial counsel.

Trial counsel was aware that the vaginal swabs, vaginal
smear, and anal swabs had not been submitted for testing.

In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme

Court held that "the suppression by the prosecution of evidence

favorable to an accused ... violates due process where the evidence

is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." To establish that *Brady* was violated, a habeas petitioner must demonstrate that (1) the prosecution suppressed evidence, (2) the evidence was favorable to the petitioner and (3) the evidence was material. *United States v. Ellender*, 947 F.2d 748, 756 (5th Cir. 1991). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Petitioner has not established that *Brady* was violated in this case. While petitioner asserts the prosecution did not disclose that the victim had sex with another man 48 hours before the incident and did not disclosure the existence vaginal and anal swabs and vaginal and anal smears, the state courts determined that defense counsel was aware of this information and evidence. Based on the record before the state courts, it cannot be concluded that this factual finding was an unreasonable determination of the facts. Further, in light of this finding, it cannot be concluded that the conclusion by the state courts that there was no *Brady* violation was contrary to or involved an unreasonable application of clearly established federal law. As a result, this ground for review does not provide petitioner with a basis for relief in this proceeding.

*Ineffective Assistance of Counsel*

A.   <u>Legal Standard</u>

A claim of ineffective assistance of counsel is reviewed under the standards announced by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). "First, a defendant must demonstrate that 'counsel's representation fell below an objective standard of reasonableness,' with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance." *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992) (quoting *Strickland*, 466 U.S. at 688). Merely alleging that counsel's performance was deficient is not enough. To be entitled to relief, a petitioner must show that counsel's peformance fell beyond the bounds of prevailing, objective, professional standards. *Strickland*, 466 U.S. at 688. There is a strong presumption that counsel provided adequate assistance and that the challenged conduct was the product of a reasoned strategy. *Id*. at 689.

Second, if counsel was ineffective, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. A claim of ineffective assistance of counsel will only merit habeas relief when a petitioner satisfies both prongs of the *Strickland* test. *See Strickland*, 466 U.S. at 687-97.

B. <u>Application</u>

Petitioner asserts he received ineffective assistance of counsel because counsel failed to object to the introduction of evidence regarding anal penetration. He contends that such evidence was not relevant because the indictment only alleged vaginal penetration.

In *Walker v. State*, 2009 WL 5103274 (Tex.App.-Dallas Dec. 29, 2009), the defendant was convicted of aggravated assault. The defendant was charged with vaginal and oral penetration. Over objections from defense counsel, the victim testified that there was also anal penetration.

The intermediate appellate court began by stating that under Texas Rule of Evidence 401, evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would have been without the evidence. The court then concluded that testimony regarding anal penetration would have been relevant to demonstrate the victim's lack of consent and the defendant's intent to commit the offense with which he was charged. In addition, the court stated the testimony was relevant as same transaction contextual evidence to show the events in question were closely interwoven and to assist the jury in understanding the context in which the events occurred.

For the reasons set forth by the court in *Walker*, the victim's testimony regarding anal penetration, as well as medical evidence regarding anal penetration, which showed there was a tear in the

victim's anus, was relevant to petitioner's case. The testimony and evidence would have indicated the victim's lack of consent and the petitioner's intent to commit the offense with which he was charged. Further, the testimony regarding anal penetration in particular was necessary to enable the jury to understand the context in which the incident occurred. The testimony regarding anal penetration was so interwoven with the testimony concerning vaginal penetration that it is difficult to conceive how the jury could have understood the victim's testimony as a whole without the testimony regarding anal penetration.

For the reasons set forth above, the testimony and evidence regarding anal penetration was relevant. As a result, any objection by counsel to the testimony and evidence would have been overruled. Counsel's failure to make such an objection therefore did not fall below an objective standard of reasonableness. Moreover, as any objection would have been overruled, there is not a reasonable probability that the result of the proceeding would have been different if an objection had been made. As a result, petitioner has failed to demonstrate counsel was ineffective.

<u>Conclusion</u>

For the reasons set forth above, this petition for writ of habeas corpus is without merit and is therefore denied. An appropriate final judgment shall be entered.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a

certificate of appealability is issued. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473 (2000); *Elizalde v. Dretke*, 362 F.3d 323 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues raised are subject to debate among jurists of reason, that a court could resolve the issued in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubts regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner. *See Miller v. Johnson*, 200 F.3d 272 (5th Cir. 2000).

In this case, the petitioner has not shown that any of the issues he raised are subject to debate among jurists of reason. The factual and legal issues asserted by petitioner are not novel and have been consistently resolved adversely to his position. In addition, the issues raised are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**SIGNED** this the **11** day of **May, 2015.**

_____
Thad Heartfield
United States District Judge

13